FILED

97 FEB -6 PM 2:51

U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SOUTHBROOK, LLC and<br>ENGEL, INC.,       ) | |
|       Plaintiffs,   ) | |
| v.   ) | CIVIL ACTION NO. 96-G-2975-S |
| SERGIO I. ESPINOZA, Lessee,<br>and ALVARO ARCEO, Lessee,   ) | |
|       Defendants.   ) | **ENTERED** |
| SERGIO I. ESPINOZA,   ) | FEB 06 1997 |
|       Counter-claimant,   ) | |
| v.   ) | |
| SOUTHBROOK, LLC and<br>ENGEL, INC.,   ) | |
|       Counter-defendants.   ) | |

AMENDED MEMORANDUM OPINION

The cause presently before the court was filed in the District Court for Jefferson County, State of Alabama by Southbrook, LLC and Engel, Inc. against Sergio Espinoza, tenant/lessee, and Alvaro Arceo, lessee/guarantor, for outstanding rent, plus costs in the amount of $1,539.96. On October 31, 1996, in his answer, defendant Sergio Espinoza filed a counterclaim in state court alleging constructive eviction due to apartment flooding, demanding $52,300.00 in damages.

Thereafter on November 14, 1996, counterclaim plaintiff/defendant Alvaro Arceo removed the case to federal court on the basis of diversity of citizenship, relying on the jurisdictional amount set forth in the counterclaim. The cause is presently before the court on the motion of plaintiffs/counterclaim defendants to remand the cause to state court.

The primary issues before the court are whether a counterclaim plaintiff/defendant is a defendant within the meaning of 28 U.S.C. § 1441(a), set forth below, and whether the amount in controversy can be met by reference to a counterclaim.

### § 1441. Actions removable generally

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

In their motion to remand plaintiffs/counterclaim defendants have referred the court to Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994). In Burns the court stated the following:

> Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his claim. ... see *generally*, Wright & Miller, 14A Federal Practice and Procedure § 3702. ("[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy"); see *also*, St. Paul's, 308 U.S. at 294, 58 S. Ct. at 592. Defendant's right to remove and

>   plaintiff's right to choose his forum are not on equal
>   footing; for example, unlike the rules applied when
>   plaintiff has filed suit in federal court with a claim
>   that, on its face, satisfies the jurisdictional amount,
>   removal statutes are construed narrowly; where
>   plaintiff and defendant clash about jurisdiction,
>   uncertainties are resolved in favor of remand.

31 F.3d at 1095. *See also* Robinson v. Quality Ins. Co., 633 F. Supp. 572, 574-575 (S.D. Ala. 1986) (recognized narrow construction of federal jurisdiction to prevent encroachment on state courts' right to decide cases properly brought before them and to independently determine the propriety of jurisdiction)

At issue, too, is whether the amount in controversy can be met by reference to a counterclaim. While defendants could have asserted their claim in federal court had they won the race to the courthouse, they cannot change the forum by asserting a counterclaim with a jurisdictional amount sufficient to satisfy the removal statute. As defendants, had the jurisdictional amount been sufficient, they could have removed their claim to federal court. They cannot, however, bootstrap themselves into federal court by using the jurisdictional amount in their counterclaim as the basis for jurisdiction. Espinoza, himself, is the counterclaim plaintiff. By statute, a plaintiff cannot remove the action. Plaintiffs/counterclaim defendants have chosen the forum in which to litigate their claim for a comparatively insignificant amount of money. Only the $1,539.96 demanded by plaintiffs for breach of contract determines the

3

amount in controversy--an amount highly unlikely to exceed $50,000.00. Indeed, defendants have made no effort to show the potential for plaintiffs' claim to do so.

In *Continental Ozark, Inc. v. Fleet Supplies, Inc.*, 908 F. Supp. 668, 671 (W.D. Ark. 1985), the court noted that the majority of courts faced with the issue of whether a counterclaim amount can meet the jurisdictional amount "have held that the amount in controversy is to be determined solely by reference to the plaintiff's complaint. *See Meridan Aviation*, 886 F. Supp. at 615 and cases cited therein." *Meridan Aviation* noted that the presence of a compulsory counterclaim is insufficient to invoke federal jurisdiction. *Id.* at 671. *See also* *Iowa Lamb Corp. v. Kalene Industries, Inc.*, 871 F. Supp. 1149, 1157 (N.D. Iowa 1994) (A compulsory counterclaim cannot "play any part in establishing the amount in controversy necessary for diversity jurisdiction."). The court in *Continental Ozark* concluded that the amount at stake in either a compulsory or permissive counterclaim may not be used in determining the amount in controversy.

The court holds that defendant/counterclaim plaintiff may not use the counterclaim amount to determine the amount in controversy for jurisdictional purposes. To allow Espinoza the right to do so would thwart the removal plan of Congress, a statutory process. Allowing defendants to get into federal court

4

based on a sufficient jurisdictional counterclaim amount would flood federal courts with litigation and put them years behind. It would deny plaintiffs the right to choose their forum. It would defeat the intent of Congress for corporations, insurance companies, and individuals sued in state courts to bootstrap their actions into federal courts by filing counterclaims with the requisite jurisdictional amount.

Defendants' argument that if this court does not keep jurisdiction they will have to file another suit in federal court is nonsense. They filed the counterclaim in state court prior to removal. There is nothing to prevent their litigating the counterclaim in state court.

For the reasons set forth above, the court adopts the language of Judge Hand in Robinson, 633 F. Supp at 577: "[R]etaining jurisdiction of this indeterminate complaint would amount to poaching on the hunting grounds of a coordinate judicial system." The motion for remand is granted.

An order consistent with this opinion is being entered contemporaneously herewith.

DONE and ORDERED this 6th day of February 1997.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.